## TREAT *plaintiff in review, vs.* INGALLS.

The *Stat.* 1831, *ch.* 502, *sec.* 2, granting reviews as of right in all actions in the Supreme Judicial Court, where a verdict has been rendered for the defendant in the court below, and on appeal the plaintiff has prevailed, is to be applied only to such actions as were then pending in this Court, or might afterwards be commenced.

THIS was a writ of review, sued out as of right, under *Stat.* 1831, *ch.* 502; in a cause in which *Treat* was the original defendant, in whose favor a verdict had been rendered in the Court of ‾Common Pleas; but, on appeal, *Ingalls*, the original plaintiff, had obtained a verdict in this Court, at *October* term, 1830. The

counsel for the defendant in review now moved that the present action be dismissed, as not authorised by the statute, judgment having been rendered in the original suit before the statute was enacted.

*W. D. Williamson,* for the plaintiff in review.

*Kent,* for the defendant in review.

WESTON J. delivered the opinion of the Court.

The statute upon which this writ of review was sued out, permits reviews as of right in certain cases, and upon certain restrictions. The first section authorizes a review, where a verdict may be found for the plaintiff in the Common Pleas, and on appeal, for the defendant; or for the plaintiff for a less sum than twenty dollars, in all actions thereafter to be commenced. The second section provides, that in all actions in the Supreme Judicial Court, where a verdict has been, or may be rendered in favor of the defendant in the Court of Common Pleas, and on appeal a verdict has been, or may be found for the plaintiff, the defendant shall be entitled to a review of said action. A review in favor of the plaintiff, is limited to actions to be commenced, after the passage of the act. A review on the part of the defendant, has no such limitation. Why this distinction was made in favor of defendants, it is not easy to perceive. If it was introduced to embrace a particular case, this design was probably not made known to the legislature; as it is not to be presumed they would favor such an object in a general law; more especially as the Supreme Judicial Court had before full power to grant reviews, wherever they would tend to the furtherance of justice. But from whatever cause the distinction originated, there is no reason for extending it beyond what the statute plainly requires. Prior to the passage of the act, the suit now sought to be reviewed, after two trials in different courts, had finally terminated, and judgment had been rendered, in the court of appellate jurisdiction. It was no longer pending in any court. Laws are made to operate prospectively. Where they introduce new rules and principles, they are intended to apply to the future, not to the past.

Judgments may be subject to be revised, according to laws existing at the time of their rendition. This is a fixed and settled qualification of rights vested under them. But with this exception, there can be no higher title to any right or interest whatever, than what arises from a regular judgment at law. We feel constrained therefore, to come to the conclusion, that by actions in the Supreme Judicial Court, must be understood such as were there pending, when the act passed, and such as might afterwards be commenced. It results that the writ cannot be maintained as of right; and it is accordingly dismissed.